IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| vs. ) | CRIMINAL NO. 08-00265-CG |
| ) | |
| PATRICK RAY EATMON, ) | |
| ) | |
|     Defendant. ) | |

**ORDER**

On August 28, 2008, the defendant, Patrick Ray Eatmon, was indicted for conspiracy to distribute fifty or more grams of crack cocaine and for possession with intent to distribute five or more grams of crack cocaine, in violation of 21 U.S.C. § 846, 841(a)(1). (Doc. 1). On November 10, 2008, the government filed a § 851(a)(1) information ("Information") with the district court stating its intention to seek an enhanced sentence based upon a prior conviction. (Doc. 15).

The Information stated that "the defendant was found guilty of the felony drug offenses of Unlawful Distribution of Cocaine in Mobile County Alabama, Case No. CC04-001551, on or about September 3, 2004, and Possession of Cocaine in Mobile County Alabama, Case No. CC08-000683, on or about September 24, 2008, respectively."[1] The Information also provided a summary of the possible effect of these prior convictions in relevant part:

> 4. The two previous drug convictions increase the defendant's statutory sentence in the current case, if convicted of Counts [*sic*] One in the Indictment herein, to a mandatory term of life imprisonment, a $8,000,000 fine and a $100.00 special assessment.  Either one of the two previous felony drug convictions

---

[1] The government has admitted the second conviction was not final, thus it is not in dispute in the defendant's objection. (Doc. 53, p. 2 n. 1).

>increases the defendant's statutory sentence in the current case, if convicted of Counts [*sic*] One in the Indictment herein, to a mandatory minimum term of imprisonment of twenty years, a term of supervised release of at least 10 years, a $4,000,00.00 fine and a $100.00 special assessment.

(Doc. 15, pp. 1-2).

On November 21, 2008, the defendant entered a guilty plea as to the first count of the indictment, conspiracy to possess with the intent to distribute crack cocaine in violation of 21 U.S.C. § 846.  (Docs. 26 & 27).  The defendant has not yet been sentenced.  This matter is now before the court on the defendant's objection to the government's proposed enhancement of the defendant's sentence due to his previous conviction in 2004 (Doc. 50), the government's response (Doc. 53), and the defendant's reply (Doc. 54).

To obtain a sentencing enhancement based on a defendant's prior conviction, the government must comply with the notice requirements of 21 U.S.C. § 851(a)(1).  Section 851(a)(1) provides:

>No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one of more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon...

The Court of Appeals for the Eleventh Circuit "generally has required strict compliance with the filing and service specifications of § 851(a)(1)."  Perez v. United States, 249 F.3d 1261, 1264 (11th Cir. 2001).  However, "[w]hen a notice of enhancement contains minor errors [the court] will find § 851 compliance as long as the notice, despite the errors, unambiguously signal the government's intent."  United States v. Bowden, slip op., 2009 WL 32755, at *1 (11th Cir. Jan. 7, 2009)(citing Perez, 249 F.3d at 1266-1267).

The government here complied with the procedures of § 851(a) by filing the Information

2

with the court and by timely sending it to the defendant's attorney before his guilty plea. Neither the defendant's attorney nor the defendant claim that he did not receive the government's § 851 notice.  See United States v. Brown, slip op., 2009 WL 3052212, at *5 (11th Cir. Sept. 25, 2009)(concluding that the government complied with § 851(a) by filing notice with the court and sending it to the defendant's attorney before his guilty plea).

However, the defendant asserts that the substance of the notice was not proper because the government failed to clearly indicate the previous conviction it is relying upon. (Doc. 50, p. 1).  The Information provides in relevant part that "the defendant was found guilty of the felony drug offense[] of Unlawful Distribution of Cocaine in Mobile County Alabama, Case No. CC04-001551, on or about September 3, 2004..." (Doc. 15, p. 1).  This statement is accurate.  The official certified copy of the defendant's prior felony drug conviction provides the same case number as the Information notice.  (Doc. 52-1, p. 2).  Furthermore, the defendant pled guilty and was adjudged guilty by the state court on September 3, 2004.  (Id., p. 3).  To the extent that the notice does not include the date which the conviction became final, this information is not required by the statute, and the Information clearly and unambiguously signals the government's intent to rely upon the defendant's 2004 conviction. See Perez, 249 F.3d at 1266-1267(discussion of case law involving errors in notice the appellate courts deemed minor).  As a result, this court concludes that the government's Information satisfied the requirements of § 851(a)(1).

For the above stated reasons, the defendant's objection to the adequacy of the government's 21 U.S.C. § 851 Information is **DENIED**.

**DONE** and **ORDERED** this 30th day of December, 2009.

/s/ Callie V. S. Granade  
CHIEF UNITED STATES DISTRICT JUDGE